IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Raymond Voisine, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: 3:11-cv-16 |
| vs. ) | |
| ) | **ORDER** |
| Alex Schweitzer, Superintendent of NDSH, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Raymond Voisine ("Voisine") filed a petition for habeas relief under 28 U.S.C. § 2254. (Doc. #3). The court previously granted his motion for leave to proceed *in forma pauperis*. (Doc. #5). Rule 4 of the Rules Governing § 2254 Cases provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

**Background**

Voisine pled guilty to one count of gross sexual imposition and the state district court entered its criminal judgment on October 22, 2004. Voisine was sentenced to five years of incarceration with four years suspended, and five years of supervised probation. Voisine did not appeal the judgment. On March 30, 2005, the state district court entered an amended criminal judgment to accurately reflect the number of days of credit for time Voisine spent in custody prior to the court's criminal judgment.

In May 2005, the state petitioned to revoke Voisine's probation because he failed to successfully complete sex offender treatment while incarcerated, specifically because he would not accept responsibility for or admit to the offense. Voisine v. State, 2008 ND 91, ¶ 3, 748 N.W.2d 429, 431. After a revocation hearing, the state district court revoked Voisine's probation and resentenced him to ten years of imprisonment with five years suspended, and five

years of supervised probation. Voisine did not appeal the judgment, but instead filed a petition for post-conviction relief, which was denied by the state district court. Voisine appealed the denial of his petition to the North Dakota Supreme Court, which reversed the state district court, finding the district court erred in denying Voisine's petition for post-conviction relief because his conditions of probation did not become effective until Voisine was released from incarceration. See Voisine v. State, 2008 ND 91, 748 N.W.2d 429.

After the North Dakota Supreme Court issued its opinion in May of 2008, Voisine was released from incarceration and the state petitioned to commit him as a sexually dangerous individual. The state alleged Voisine sexually abused his grandson, fathered three children with two of his daughters, sexually abused his daughters as minors, conceived a child with a sixteen-year-old girl in Maine, and promoted obscenity to a minor by showing pornography to his grandson/son. In re Voisine, 2010 ND 17, ¶ 4, 777 N.W.2d 908, 910. The state district court found incest between a father and his daughters is "sexually predatory conduct" and because Voisine committed incest with his daughters, had sexual contact with his grandchildren, and is supported by his immediate family in his conduct, "it is a near certainty that he will once again engage in sexually predatory conduct without institutional treatment." Id. at ¶ 6, 777 N.W.2d at 910-911.

Voisine appealed the civil commitment order to the North Dakota Supreme Court, which found the state district court erred in finding incest between consenting adults is "sexually predatory conduct." Id. at ¶ 15, 777 N.W.2d at 913. The North Dakota Supreme Court could not determine whether the remainder of the civil commitment order was adversely influenced by the error, so it reversed the state district court and remanded for further proceedings and findings of fact. Id. The North Dakota Supreme Court issued its opinion on January 26, 2010. Id.

2

On remand, the state district court found that Voisine's sexual contact with his grandson and with a sixteen-year-old girl is "sexually predatory conduct," that Voisine suffers from a sexual, personality, or other mental disorder, and because Voisine committed incest with his daughters, had sexual contact with his grandchildren, impregnated a minor, and is supported by his immediate family in his conduct, "it is a near certainty that Voisine will once again engage in sexually predatory conduct without institutional treatment." Voisine appealed the civil commitment order to the North Dakota Supreme Court, which summarily affirmed the order. State v. Voisine, 2010 ND 241, 795 N.W.2d 38 (unpublished opinion). The North Dakota Supreme Court issued its mandate on January 26, 2011. See http://www.ndcourts.gov/court/docket/20100163.htm.

Voisine filed his second[1] federal habeas petition on October 29, 2010 challenging his civil commitment and his conviction for gross sexual imposition.[2] Voisine claimed he was wrongly accused, arrested, and charged for a crime he did not commit, and alleged he was tried twice for the same crime. The court determined that Voisine's claims in regard to his conviction

---

[1] On January 14, 2010, Voisine filed his first federal habeas petition which appeared to challenge his civil commitment. The petition was dismissed without prejudice because Voisine was in the process of exhausting his state remedies with regard to his civil commitment. Voisine v. State, Case No: 3:10-cv-1 (D.N.D.). Voisine did not object to the report and recommendations of the magistrate judge or appeal the district court judge's order adopting the report and recommendations.

[2] According to the respondent Voisine was on supervised probation for his conviction for gross sexual imposition when he filed his second habeas petition and thus was still considered "in custody" for purposes of habeas corpus. See Voisine v. Schweitzer, Case No. 2:10-cv-94 (D.N.D.) (Doc. #23); see also Barks v. Armontrout, 872 F.2d 237, 238 (8th Cir. 1989) (a petitioner released on probation remains eligible for habeas relief). After reviewing the state district court docket it appears Voisine's supervised probation is still active. See State v. Voisine, Sheridan County, Case No. 42-04-K-01004.

for gross sexual imposition were barred from federal habeas review pursuant to 28 U.S.C. § 2244(d) because Voisine did not file his second federal habeas petition until long after the period of limitations had expired, and Voisine had not demonstrated any justification for equitable tolling.  Voisine v. Schweitzer, No. 2:10-cv-94, 2011 WL 666870 (D.N.D. Feb. 17, 2011).  The court also found that Voisine failed to exhaust his state remedies in regard to his claim that his civil commitment following his criminal conviction constitutes double jeopardy, and in any event, that claim was without merit.  Id.  Voisine's second habeas petition was dismissed with prejudice.  Id.

## DISCUSSION

In Voisine's third federal habeas petition he again challenges his conviction for gross sexual imposition.  Voisine alleges, as he did in his second federal habeas petition, that he was arrested for a crime he did not commit.[3]  Voisine's third habeas petition is successive and must be dismissed.

Voisine's second habeas petition was dismissed with prejudice.  His claim that he was arrested for a crime he did not commit was dismissed as untimely.  Dismissal of a habeas petition on statute of limitations grounds constitutes an adjudication on the merits, rendering subsequent petitions "successive" and thus subject to the provisions of §2244(b).  McNabb v.

---

[3] Voisine claims in his third federal habeas petition that he has new evidence and witnesses.  Voisine specifically refers to his grandson who allegedly will testify that Voisine did not have sexual contact with him.  Voisine attached to his petition a note purportedly written by his grandson that says Voisine did not "sexually hurt" him.  (Doc. #3-1).  The court notes that Voisine made the same claim in his second habeas petition, and the same document was attached to both of Voisine's previous federal habeas petitions.  The note is dated April 6, 2004, prior to when Voisine pled guilty to the charge of gross sexual imposition.  The court also notes that the same grandson testified at the May 29, 2009 civil commitment proceeding that Voisine did have sexual contact with him.  See Voisine v. Schweitzer, Case No. 2:10-cv-94 (D.N.D.) Resp. Ex. 12, pp. 30-31.

Yates, 576 F.3d 1028, 1030 (9th Cir. 2009); Murray v. Greiner, 394 F.3d 78, 81 (2nd Cir. 2005); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003).

This court cannot entertain a successive petition for habeas relief unless Voisine first obtains an order from the Eighth Circuit Court of Appeals authorizing this court to consider the successive petition.[4]  28 U.S.C. § 2244(b)(3)(A).  Voisine has not obtained preauthorization and therefore his current petition must be dismissed without prejudice for lack of jurisdiction.  See Burton v. Stewart, 549 U.S. 147, 152 (2007) (concluding that a district court lacks jurisdiction to consider a successive petition filed without authorization from the appropriate court of appeals). It is **ORDERED** that Voisine's petition for habeas relief (Doc. #3) is **DISMISSED** without prejudice.

**JUDGMENT SHALL BE ENTERED ACCORDINGLY.**

Dated this 2nd day of May, 2011.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge

---

[4]  Petitioner is cautioned that § 2244(b)(1) provides that "[a] claim presented in a . . . successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).